UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**IKTISAT FINANSAL KIRALAMA ANONIM SIRKETI**, Derivatively on Behalf of Nominal Defendant THE PARK AVENUE BANK, and on Behalf of All Other Shareholders of THE PARK AVENUE BANK Similarly Situated,

Plaintiff,

-against-

**DAVID LICHTENSTEIN, CHARLES ANTONUCCI, SR., DONALD G. GLASCOFF, JR., BRUNO DE VINK, ANGELA MIRIZZI-OLSEN, MENDEL ZILBERBERG, FREDERICK KELLER, EDWARD L. BEYER, JR.**, and **PARK AVENUE FUNDING, LLC,**

Defendants,

**THE PARK AVENUE BANK,**

Nominal Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

New York State Supreme Court
County of New York
Index No. 603515/09

**10 CIV 4104**

**Case No.**

**NOTICE OF REMOVAL**

**TO:** THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. §§ 1441(a), 1441(b), the Federal Deposit Insurance Corporation ("FDIC" or "Corporation"), as Receiver for The Park Avenue Bank ("FDIC Receiver"), by its attorneys Windels Marx Lane & Mittendorf, LLP, hereby removes the above-captioned lawsuit from the Supreme Court of the State of New York, County of New York ("NYS Supreme Court"), in which it is currently pending, to the United States District Court for the Southern District of New York. As grounds for the removal of this case, FDIC Receiver states as follows:

**BACKGROUND**

1. On or about November 18, 2009, the instant action was commenced by the filing of a Summons and Complaint in NYS Supreme Court under New York County Index No. 603515/09 ("State Court Action"). The plaintiff, Iktisat Finansal Kiralama Anonim Sirketi ("Plaintiff"), named The Park Avenue Bank ("PAB") as a "nominal defendant" in its shareholder derivative action against certain officers and directors of PAB named as defendants therein ("D&O Defendants"), and Plaintiff seeks an accounting and damages on behalf of PAB for D&O Defendants' wrongful acts, including breach of fiduciary duty. A copy of the Complaint is attached hereto as Exhibit 1.

2. On March 12, 2010, the State of New York Banking Department ("NYS Banking Dept.") took possession of the business and property of The Park Avenue Bank, appointed the Federal Deposit Insurance Corporation, as Receiver for PAB, and the FDIC accepted the appointment as receiver on that same date. Copies of the NYS Banking Dept.'s Order of Possession and letter ordering appointment of the FDIC as Receiver of PAB, as well as the FDIC's letter accepting the appointment (collectively, "Appointment Order"), are attached hereto as Exhibit 2.

3. Upon its appointment, the FDIC Receiver succeeded by operation of law to "all rights, titles, powers and privileges of" PAB, including the resolution of outstanding claims against the institution in receivership. 12 U.S.C. §§ 1821(d)(2)(A)(i); 1821(d)(3).

4. In its capacity as Receiver for The Park Avenue Bank and also acting in its corporate capacity, the FDIC entered into a Purchase and Assumption Agreement ("P&A Agreement") dated March 12, 2010 with Valley National Bank. (A full and complete copy of

the P&A Agreement is available at internet link www.fdic.gov/bank/individual/failed/parkavenue-ny_P_&_A.pdf.) Valley National Bank assumed all deposits and substantially all of the assets and liabilities of The Park Avenue Bank under a "whole bank with loss share" transaction. Under Section 3.5 of the P&A Agreement, entitled "Assets Not Purchased by Assuming Institution," certain assets and liabilities were retained by the FDIC Receiver, including liability for the defense of this litigation under Section 3.5(b) of the P&A Agreement. Accordingly, the FDIC Receiver is the proper party in whose name and for whose benefit Plaintiff's claims are asserted.

5. On or about May 6, 2010, the FDIC Receiver's motion for substitution of it in the place and stead of The Park Avenue Bank as nominal defendant herein, and for a stay, was served on counsel for Plaintiff and counsel for D&O Defendants. On May 12, 2010, the motion papers, including a copy of the Appointment Order, were filed in the State Court Action with the Clerk of NYS Supreme Court, County of New York.

**BASIS FOR REMOVAL**

6. The FDIC Receiver has a statutory right to remove cases in which it is a party from state court to federal court pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), as amended, 12 U.S.C. § 1819 *et seq.* Specifically, 12 U.S.C. § 1819(b)(2)(B) provides that "the Corporation may, without bond or security, remove any action, suit or proceeding from a state court to the appropriate United States district court before the end of the 90-day period beginning on the date of the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party."

7. Because no formal substitution of the FDIC in the State Court Action is required,

the FDIC became a party to this action when it filed its motion for substitution along with a copy of the Appointment Order appointing it as Receiver for The Park Avenue Bank. See Buczkowski v. FDIC, 415 F.3d, 594, 596-97 (7th Cir. 2005).

8. The instant removal has been brought within the 90-day period from which the FDIC became a party to this action.

9. The case is also removable pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

10. Any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); see also Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d 650, 657 (2d Cir. 1996) (holding that any action involving the FDIC as a party, regardless of the nature of the action, is deemed to arise under the laws of the United States). Therefore, this Court has original jurisdiction of this action.

11. Pursuant to 12 U.S.C. § 1819(b)(4), the FDIC Receiver is not required to post any bond and is not subject to payment of filing fees in the United States District Courts.

12. The FDIC Receiver has promptly served notice of the filing of this removal to all parties of record in the State Court Action, and to the Clerk of the NYS Supreme Court, New York County, New York, pursuant to 28 U.S.C. § 1446(d).

13. Venue properly lies with this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as this action is presently pending in NYS Supreme Court, New York County, New

York.

14. A copy of the D&O Defendants' Answer to the Complaint, stamped as filed in the State Court Action on March 23, 2010, is attached to this Notice of Removal as Exhibit 3. As required by 28 U.S.C. § 1446(a), copies of all remaining process, pleadings and orders served by or upon FDIC Receiver are collectively attached to this Notice of Removal as Exhibit 4.

Dated: New York, New York
May 18, 2010

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**

By: [signature]
James D. Greenhalgh (JG6839)

156 West 56th Street
New York, New York 10019
(212) 237-1000 or 1151 (direct)
jgreenhalgh@windelsmarx.com

*Attorneys for Federal Deposit Insurance Corporation, as Receiver for The Park Avenue Bank, and Nominal Defendant The Park Avenue Bank*

**TO:** BAKER & MCKENZIE LLP
*Attorneys for Plaintiff*
1114 Avenue of the Americas
New York, New York 10036
Att'n: John A. Basinger, Esq.

PRYOR CASHMAN LLP
*Attorneys for D&O Defendants*
7 Times Square
New York, New York 10036
Att'n: Mark A. Tamoshunas, Esq.